UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LINDA J. LANE | ) | CASE NO. 17-32237(1)(13) |
| | ) | |
| Debtor | ) | |
| | ) | |
| SARAH DEAN | ) | AP NO. 17-03062 |
| KEVIN DEAN | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LINDA J. LANE | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion of Debtor Linda J. Lane ("Debtor") to Dismiss with Prejudice the Adversary Proceeding filed by Plaintiffs Sarah and Kevin Dean ("the Deans"). For the following reasons, the Court will **GRANT** the Debtor's Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

The Deans entered into a contract for the purchase of the Debtor's home in Mt. Washington, Kentucky on May 14, 2014. In July 2015, it was discovered that the basement of the home was contaminated with mold.

The Deans subsequently filed suit in Bullitt Circuit Court against Debtor. The case was submitted to binding arbitration pursuant to an Agreed Order of the parties. The Agreed Order

dismissed all claims asserted in the Complaint without prejudice and referred all of the Plaintiffs' claims to arbitration.

On April 17, 2017, the arbitrator entered a final award of $28,172.99 for the Deans' property damage claim, plus attorneys' fees and costs for a total judgment of $126,895.57 with interest in the amount of 12%.

On July 14, 2017, Debtor filed her Chapter 13 Petition with this Court. The Petition listed the Deans as creditors holding a secured claim in the amount of $128,895.57 secured by the Debtor's home. *See* Schedule D to Debtor's Petition. Debtor also listed the Deans as having a contingent, unliquidated, disputed claim in an unknown amount. *See* Schedule E/F to the Debtor's Petition.

The Debtor's Chapter 13 Plan was confirmed by Order of the Court over the Deans' objection on October 16, 2017. The Plan was later amended by an Order dated January 3, 2018 to provide for a 100% payout to the Deans on their claim of $130,608.57.

## LEGAL ANALYSIS

On October 13, 2017, the Deans, *pro se*, initiated this adversary proceeding against Debtor objecting to the discharge of their unsecured personal injury claim in the amount of $300,000. The Deans contend that the Agreed Order entered in the Bullitt Circuit Court concerning arbitration of their claims was meant to bifurcate their claim into a property damage claim, which resulted in the arbitration award of $130,608.57, and a personal injury claim, which they assert is worth $300,000. According to the Deans, they have not been able to proceed with the personal injury claim due to the imposition of the automatic stay pursuant to 11 U.S.C. § 362.

The Debtor moved to dismiss the adversary proceeding because the personal injury claim was never adjudicated by the arbitrator and thus, the claim is both contingent and unliquidated.

Based upon the present posture of the Debtor's Chapter 13 case and this adversary proceeding, the Court does not have jurisdiction to liquidate the Deans' personal injury claim and cannot declare their contingent, unliquidated personal injury claim nondischargeable.

There is no dispute that the Deans' personal injury claim was not addressed by the arbitrator in the Bullitt Circuit Court action. The parties did not offer proof at the arbitration regarding the Deans' personal injury claim. Furthermore, the Debtor disputes that claim and in her Chapter 13 Petition listed the claim as disputed, contingent and unliquidated. This Court does not have the authority to state whether the claim is valid, nor does it have any basis upon which to assign a value to the claim. *See In re Mason*, 514 B.R. 852, 857 (Bankr. E.D. Ky. 2014).

This Court's ability to adjudicate "personal injury tort" claims is limited by 28 U.S.C. § 157. The Western District of Kentucky has referred all cases arising under title 11, or those arising in or related to a case under title 11, to the Bankruptcy Court through Local Rule 83.12 of the Joint Local Rules of Civil Procedure for the United States District Courts for the Eastern and Western District of Kentucky. However, tort claims involving personal injury claims have not. *See* LR 83.12(a). The Court does not have the authority to liquidate or estimate the Deans' personal injury claim. *Mason*, 514 B.R. at 857. Accordingly, there is no basis, at this juncture, for the Court to determine whether the claim is nondischargeable. For this reason, the Debtor's Motion to Dismiss must be granted.

Although the Debtor requests that the adversary proceeding be dismissed with prejudice, the Court declines to dismiss the case with prejudice. The Debtor may have alternative remedies in state court to liquidate the claim that the Court is unaware of at this time. Therefore, the dismissal will be without prejudice.

## CONCLUSION

For all of the above reasons, the Debtor's Motion to Dismiss the adversary proceeding seeking a judgment of nondischargeability of the Deans' personal injury claim is **GRANTED WITHOUT PREJUDICE**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 21, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
|     LINDA J. LANE | ) | CASE NO. 17-32237(1)(13) |
| | ) | |
|                     Debtor | ) | |
| | ) | |
|     SARAH DEAN | ) | AP NO. 17-03062 |
|     KEVIN DEAN | ) | |
| | ) | |
|                    Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
|     LINDA J. LANE | ) | |
| | ) | |
|                  Defendant | ) | |

## **ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of the Debtor Linda J. Lane to Dismiss with Prejudice the Adversary Proceeding filed by Plaintiffs Sarah and Kevin Dean, be and hereby is, **GRANTED**, however, the dismissal is without prejudice.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 21, 2018